Argued on plaintiff-relator's demurrer to defendant's answer to alternative writ October 6, peremptory writ disallowed December 16, 1976

STATE ex rel HUNTINGTON RUBBER
MILLS, *Plaintiff-Relator,*
*v.*
SULMONETTI, *Defendant.*
(No. A7602-02684, SC 24523)
557 P2d 641

*Elden M. Rosenthal,* Portland, argued the cause for defendant. With him on the briefs was Charles Paulson, Portland.

*William A. Masters,* Portland, argued the cause for plaintiff-relator. With him on the brief were William L. Hallmark, and Jones, Lang, Klein, Wolf & Smith, Portland.

Before Denecke, Chief Justice, McAllister, O'Connell, Holman, Howell, Bryson, and Sloper, Justices.

HOLMAN, J.

## HOLMAN, J.

This is a mandamus proceeding. Plaintiff-relator (employer) seeks our writ commanding a circuit court judge to vacate his order remanding a claim for workmen's compensation benefits back to the Workmen's Compensation Board. The claim had been denied by the Board on the ground that it was barred by prior litigation under the doctrine of res judicata. The circuit court judge disagreed and remanded the claim to the Board for a determination of whether claimant was in the course and scope of his employment when he sustained his accidental injury.

Claimant was injured in April 1969. He filed his claim for compensation in July 1970, which claim was denied on the basis that it had not been timely filed under ORS 656.319(1)(a).[1] This ruling was subsequently sustained by the Court of Appeals in January 1973. *Dahlstrom v. Huntington Rubber Mills,* 12 Or App 55, 505 P2d 352 (1973). No adjudication was made of the claim other than that it was not timely filed. In February 1975 claimant filed the identical claim a second time. In April 1975 the Court of Appeals decided *Bebout v. SAIF,* 22 Or App 1, 537 P2d 563, S Ct *rev allowed,* 273 Or 487, 541 P2d 1293 (1975), the rationale of which, the employer claims, would have resulted in claimant's original claim being held timely had claimant made the same contention in that litiga-

---

[1] Prior to 1975, ORS 656.319(1)(a) read as follows:

"Time within which hearing must be requested. (1) A hearing on any question relating to a compensable injury, other than those described in subsection (2) of this section, shall not be granted unless a request for hearing is filed within the times specified in this subsection, and if a request for hearing is not so filed, the claim is not enforceable:

"(a) If no medical services were provided or benefits paid, one year after the date of the accident.

"* * * * *"

The claim was denied also upon the basis that the notice of requirement of ORS 656.265(4)(c) had not been complied with. However, subsequent construction has indicated that where the employer had knowledge of the injury (as was the case here), no notice to the employer is required under this section.

tion as was made in *Bebout.* It is not clear that this is so, but we will treat it as being the case. Subsequently, but prior to the adjudication of the second claim, the legislature amended ORS 656.319 in a manner which would appear to make claimant's second filing timely. Oregon Laws 1975, ch 497, effective July 1, 1975. The amendment contained the following retroactive provision:

> "This act applies to all claims for compensable injuries that occurred prior to the effective date of this act."

The issue in the present case is one of res judicata. The employer contends that the timeliness of the claim was completely litigated after its first filing and that that adjudication is binding upon claimant whether or not he otherwise would have been eligible to file under the 1975 amendment. The threshold problem is whether the retroactive provision of the amendment to ORS 656.319 set forth above was intended to include those claims which had been previously litigated and which were held untimely filed under the law then in existence. The language of the statute, "all claims," is broad enough to cover such claims, but it does not specifically mention (one way or the other) claims in which untimeliness has been previously adjudicated. It is probable that the legislature would have specifically provided for such cases had it contemplated the problem, but since it made no specific provision, the statute is ambiguous as to such cases.

It is our belief that had the legislature considered a situation such as that presently before us, it nevertheless would have worded the statute broadly enough to permit an individual in the present claimant's position to file a second time. While different treatment *could* have been afforded those claims which had been litigated and held untimely under the law then in existence, as compared with those which had not been filed at all, we do not believe that such different treatment *would* have been afforded by the legislature had it considered the problem. It is unlikely that it

[ 970 ]

would have wanted to open the door to previously injured workmen for whom the time for filing had elapsed under the prior law but who had never filed a claim, and yet not wanted to open the door to claimant, who had at least been diligent enough to file a claim, albeit too late. *Cf. Wagner v. Baron,* 64 So2d 267, 268, 37 ALR2d 831, 833 (Fla 1953). The legislature probably would not have intended claimant to be in a worse position than those who did not file claims at all, despite the prior expense which the court system and the employer incurred in litigating the timeliness of the claim previously filed.

Even if we treat the *Bebout* case as demonstrating that claimant had a timely filed first claim in the absence of the statutory amendment had he made the proper contention, we do not believe that the legislature would have intended to exclude his claim from the umbrella of the retroactive provision, since the *Bebout* theory was not yet generally recognized at the time of claimant's original filing.

■ In addition, courts usually do not apply the rule of res judicata in a situation in which there has been an intervening change in the law between the first and second judgments which creates an altered situation. *MacKenzie v. Douglas County,* 91 Or 375, 178 P 350 (1919); *Wagner v. Baron, supra; Mission Theatres v. Twentieth Century-Fox Film Corp.,* 88 F Supp 681, 684 (WD Mo 1950).

■ The employer also contends that it would be unconstitutional for the retroactive provision to permit a second filing of the claim. This contention seems to be based on two theories. The first is the theory that substantive due process would be offended because the employer had a vested right in the results of the first litigation. This amounts to a contention that a constitutionally protected property right exists in the application of the court-made rule of res judicata. Courts enunciated the rule of res judicata, and they can therefore determine the circumstances in which

[ 971 ]

the rule should be applied. This, in itself, is sufficient to demonstrate that the employer could not have a vested interest in an expected application of the rule.

The employer also is complaining of what it sees as an attempt at legislative interference with the court's application of the rule. This leads us to the employer's principal constitutional contention, namely, that the extension by the legislature of the retroactive provision to previously adjudicated cases would be a violation of the separation of powers provision of Article III, section 1, of the Oregon Constitution.[2] Plaintiff argues that this would be a legislative "thrust * * * into the realm of the judiciary." If the legislature wants to provide for the refiling or retrial of claims previously created and litigated in accordance with legislative direction because it feels that the claimants did not have a fair opportunity to do so under prior law, it is the legislature's business and not an interference with any judicial function. It can be contended that the legislature cannot retroactively interfere with the prior results of litigation based upon common law or court established causes of action. We do not have to decide this question, however, because workmen's compensation claims are part of an exclusively legislative plan. The legislature is not setting aside the court's original determination, which is final as to the law then existing. It is merely deciding that prior claimants should have another opportunity to file and to litigate their claims under a new and different set of standards. If the legislature would originally have had authority to enact the statutes relating to the filing of claims as such statutes were subsequently amended (and it is plain it would have had), it had the authority to make the amendment retroactive and to permit claimant to refile despite the intervening litigation. See Note, *Misapplication of Res Judicata and the*

---

[2] "Separation of powers. The powers of the Government shall be divided into three seperate (sic) departments, the Legislative, the Executive, including administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

*Separation of Powers Doctrine,* 12 Stan L Rev 503 (1960), and authorities cited therein.

■ Defendant contends that the proceeding should be dismissed and that mandamus will not lie because there is an adequate remedy by way of appeal upon completion of the litigation. The employer contends that an appeal is not an adequate remedy because if, after remand by the circuit court, it was found that claimant was injured in the course of his employment, he would draw benefits during the pendency of an appeal which could not be recovered if the employer was subsequently to win on the issue raised here. ORS 656.313. At the time of issuance of the alternative writ we deemed this possibility to be sufficiently likely to make an appeal in the usual course of law an inadequate remedy. Accordingly, we order the alternative writ to issue so that we could consider the employer's arguments on their merits at this time. Since those arguments have now been rejected, however, we must decline to issue the peremptory writ.

Peremptory writ disallowed.