Submitted on record and brief March 25, reversed and remanded June 9, 1993

## Kevin FRANCKE,
*Appellant,*

*v.*

## Frank GABLE
## and an Unknown Number of John Does,
*Respondents.*

(92C-10104; CA A76439)

853 P2d 1366

Kevin B. Francke, Salem, filed the brief *pro se.*

No appearance by respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals the judgment dismissing his wrongful death action. We reverse.

Plaintiff is the brother of James Michael Francke, who was murdered in January, 1989. In January, 1992, on the day the statute of limitations expired, plaintiff filed this wrongful death action against defendant Gable,[1] who has been convicted of the murder, seeking to recover damages suffered by the decedent's surviving wife and children. In April, 1992, the trial court entered an order to show cause why the complaint should not be dismissed. At the show cause hearing, the court told plaintiff that there were two potential problems with his complaint: that plaintiff, as an individual, is not the real party in interest and cannot maintain a wrongful death action, and that the service on defendant at the prison where he is incarcerated may have been inadequate.

Plaintiff then filed a petition in probate court seeking appointment as personal representative of decedent's estate. An order appointing him as personal representative was entered on June 10, 1992. Plaintiff then filed an amended complaint as the personal representative for the estate, which is otherwise nearly identical to the initial complaint. The trial court dismissed, on the basis that the statute of limitations had run before plaintiff was appointed personal representative and that the appointment does not relate back to the filing of the original complaint.

Plaintiff argues that, under ORCP 23 and ORS 114.255, the amended complaint relates back to the date that the original complaint was filed and, therefore, is timely. He further argues that the service of the complaint on defendant at the prison was adequate under ORCP 7. Defendant did not appear in the action before it was dismissed, and he did not file a brief in this court.

Although plaintiff raises arguably meritorious points, we reverse the trial court's dismissal for other reasons. The trial court has authority, under UTCR 7.020, to

---

[1] The claim also names unknown persons who plaintiff alleges were also involved in the murder.

dismiss a case for want of prosecution "[i]f no return or acceptance of service has been filed by the 63rd day after the filing of the complaint * * *." That is the apparent authority relied on by the trial court in issuing its order to show cause. By the time of the hearing on that motion, however, plaintiff had filed his certificate of service, showing service on defendant. The trial court nonetheless raised two other issues with plaintiff: whether he individually was the real party in interest, and whether service on defendant had been made adequately under ORCP 7. Although plaintiff obtained appointment as personal representative and filed an amended complaint in that capacity, the court dismissed the complaint on its own motion, concluding that the statute of limitations had run.

A party may waive the defenses that the plaintiff is not the real party in interest and that the action has not been commenced within the time limited by statute. ORCP 21G. We know of no authority for a trial court to raise those defenses on its own and then to dismiss the complaint on the basis of its determination of the defenses. *See, e.g., Hendgen v. Forest Grove Community Hospital*, 98 Or App 675, 780 P2d 779 (1989). The trial court's dismissal on its own motion is an error apparent on the face of the record. ORAP 5.45(2). We exercise our discretion to review it, because we consider a trial court's decision to dismiss an action on its own motion, on the basis of an unasserted, waivable defense, a serious error.[2] It deprives the parties of the expectation created by our rules of procedure that the defendant, not the court, will decide whether to waive certain defenses.

Reversed and remanded.

---

[2] We do not mean to imply that the trial court cannot legitimately raise those issues in an effort to control its docket. However, raising the issues and dismissing *sua sponte* are two very different actions.