Argued and submitted January 13, affirmed October 27, 2010

Kristina A. FOX,
*Plaintiff-Appellant,*

*v.*

Michael COLLINS, M. D.
and Legacy Good Samaritan Hospital
and Medical Center,
*Defendants,*

*and*

VALLEYLAB, INC.
and Genzyme Corporation,
fka Snowden Pencer, Inc.,
*Defendants-Respondents.*

Multnomah County Circuit Court
031011107; A139137

241 P3d 762

Robert K. Udziela argued the cause and filed the briefs for appellant.

Susan D. Marmaduke argued the cause for respondent Genzyme Corporation. With her on the brief was Harrang Long Gary Rudnick P.C.

Margaret Hoffman, Sara Kobak, and Schwabe, Williamson & Wyatt, P.C., filed the brief for respondent Valleylab, Inc.

Before Sercombe, Presiding Judge, and Wollheim, Judge, and Riggs, Senior Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Plaintiff appeals a limited judgment dismissing for a third time her product liability claims against defendants Genzyme Corporation and Valleylab, Inc.[1] Plaintiff, whose claims against those defendants had originally been filed in 2000 and subsequently dismissed as time barred, refiled those claims under a "revival" statute that the legislature enacted in 2003. *See* Or Laws 2003, ch 768, § 2, *compiled as a note after* ORS 30.905 (2003); *Fox v. Collins*, 213 Or App 451, 453, 162 P3d 998, *rev den*, 343 Or 223 (2007). Defendants moved for summary judgment, asserting that the revival statute was unconstitutional. The trial court agreed and dismissed the revived case. On appeal, we relied on the Oregon Supreme Court's decision in *McFadden v. Dryvit Systems, Inc.*, 338 Or 528, 535, 112 P3d 1191 (2005) that "the 2003 amendment to ORS 30.905, reviving certain product liability claims that earlier had been dismissed as untimely, does not violate Article VII (Amended), section 1, of the Oregon Constitution[,]" to conclude that the trial court had erred and remanded the case. On remand, defendants again sought summary judgment, this time asserting that plaintiff's claims were barred by the statute of limitations and did not meet the requirements of the revival statute. The trial court agreed and again dismissed plaintiff's claims against defendants. We affirm.

To provide context, in our first opinion in this case, we reviewed the changes to ORS 30.905(2), the statute of limitations for product liability claims. That background information is also helpful here:

> "Prior to the changes made by the 2003 Legislative Assembly (discussed below), that statute provided, in part, that 'a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs.' ORS 30.905(2) (2001). On June 8, 2001, the Oregon Supreme Court held that the two-year limitation period contained in [that statute] began to run when the 'death, injury or damage complained of'

---

[1] Genzyme Corporation and Valleylab, Inc., are the only defendants who are parties to this appeal. Accordingly, all references to "defendants" throughout this opinion are to those companies.

occurred, regardless of whether the plaintiff discovers the harm within that two-year period. *Gladhart v. Oregon Vineyard Supply Co.*, 332 Or 226, 234, 26 P3d 817 (2001) (internal quotation marks omitted). Consequently, actions filed after *Gladhart* were time barred if they were not brought within two years of the date of injury, even if the plaintiff could not have discovered the injury within that time.

"In 2003, in response to *Gladhart*, the legislature enacted HB 2080, which, among other things, established that the statute of limitations for a product liability civil action for personal injury or property damage begins to run when the plaintiff first discovers or, in the exercise of reasonable care, should have discovered that the injury or other damage complained of exists and was the result of a product defect. Or Laws 2003, ch 768, § 1. * * * Section 2 of the bill (the revival statute) addressed the effective date of the changes; it also revived claims that had been previously dismissed as untimely."

*Fox*, 213 Or App at 453-54.[2]

---

[2] As a result of the 2003 amendments, ORS 30.905(2) (2003) provides:

"Except as provided in ORS 30.907 and 30.908(1) to (4), a product liability civil action for personal injury or property damage must be commenced not later than the earlier of:

"(a) Two years after the date on which the plaintiff discovers, or reasonably should have discovered, the personal injury or property damage and the causal relationship between the injury or damage and the product, or the causal relationship between the injury or damage and the conduct of the defendant; or

"(b) Ten years after the date on which the product was first purchased for use or consumption."

ORS 30.905(2) was amended in 2009. *See* Or Laws 2009, ch 485, §§ 1-2. However, the 2009 amendments apply only to causes of action that arise on or after January 1, 2010, and, therefore, are not relevant to this case.

The effective date of the 2003 amendment to ORS 30.905 was January 1, 2004. Or Laws 2003, ch 768, § 2. However, pursuant to the revival statute, the amendments to ORS 30.905 pursuant to Or Laws 2003, ch 768, § 1,

"(2) * * * revive a cause of action for which a civil action for death, personal injury or property damage was filed before the effective date of this 2003 Act if:

"(a) The civil action was filed within the time provided by ORS 30.905 as amended by section 1 of this 2003 Act;

"(b) The civil action was adjudicated based on the provisions of ORS 30.905 as in effect immediately before the effective date of this 2003 Act; and

"(c) A final judgment was entered in the civil action on or after June 8, 2001, and before the effective date of this 2003 Act.

We also set forth the undisputed underlying facts of the case:

"On October 5, 2000, plaintiff brought a complaint for medical malpractice against Dr. Michael Collins and Legacy Good Samaritan Hospital and Medical Center for injuries that allegedly arose out of a laparoscopic surgery performed on October 5, 1998. On December 4, 2000, more than two years after the date of the alleged injury, plaintiff amended her complaint, adding product liability claims against defendants.

"Defendants each subsequently moved for summary judgment, asserting that plaintiff's product liability claims were time barred under ORS 30.905(2) (2001). The court agreed and entered separate judgments for each defendant, dismissing with prejudice all of plaintiff's claims against them. Those judgments were entered on March 7, 2002, and May 7, 2002, respectively. Plaintiff did not appeal either judgment.

"Plaintiff's claims against Collins and Legacy Good Samaritan Hospital were then voluntarily dismissed without prejudice pursuant to a 'Stipulated Judgment of Dismissal and Order of Dismissal,' filed by those parties and approved by the court on September 18, 2002. The judgment dismissed the case without prejudice and set forth plaintiff's agreement with those defendants that she would be allowed to refile her complaint against them within certain time limits connected to the 2003 legislative session. The parties expressly agreed that the stipulated judgment would have the effect of a judgment of dismissal with prejudice if plaintiff did not refile within the time limits specified.

"Plaintiff refiled her complaint on October 14, 2003, within the time constraints of the stipulated judgment, but before HB 2080 took effect. The complaint included the identical product liability claims against defendants that had earlier been dismissed by summary judgment; however, she did not serve that complaint on defendants. On December 4, 2003, plaintiff filed a first amended complaint;

"(3) A civil action based on a cause of action revived by subsection (2) of this section must be refiled within one year after the effective date of this 2003 Act."

Or Laws 2003, ch 768, § 2.

she served defendants with that amended complaint on January 6, 2004."

*Id.* at 455-56 (footnotes omitted). Defendants did not file responsive pleadings. Instead,

"[o]n February 5, 2004, defendants moved for summary judgment against plaintiff, arguing that the legislature's attempt in 2003 to revive final judgments under ORS 30.905 violated the separation of powers doctrine of the Oregon Constitution and that claim preclusion therefore barred plaintiff from further litigating those claims. The trial court agreed that the revival statute was 'an unconstitutional violation of separation of powers under Oregon law' and entered a limited judgment dismissing plaintiff's revived product liability claims against defendants with prejudice."

*Id.* at 456. As noted, in light of *McFadden*, which had been decided after the trial court granted summary judgment, we concluded that the court had erred in holding the revival statute unconstitutional. Defendants advanced three alternative bases for this court to affirm the trial court's decision:

"The first two implicate the statutory prerequisites for refiling claims. Specifically, defendants argue that plaintiff's claims do not qualify under the revival statute because (1) no 'final' judgment was entered in plaintiff's original action before January 1, 2004; and (2) plaintiff refiled her claims in 2003, thus they were not filed 'within one year after' January 1, 2004, as the statute requires. The final alternative reason defendants advance for affirming the trial court's judgment is that the revival statute is unconstitutional under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution."

*Fox*, 213 Or App at 458. We declined to affirm based on any of the alternate grounds proposed by defendants and reversed and remanded the case to the trial court.

Following that remand, defendants filed answers and affirmative defenses to plaintiff's complaint. Among other things, defendants asserted as affirmative defenses that plaintiff's refiled claims were barred by the applicable statute of limitations and were not saved by the revival statute because plaintiff had not complied with that law's

requirements. Defendants sought summary judgment on the basis of those arguments. In response, plaintiff asserted that defendants had waived the defenses at issue and that, in any event, we had considered and rejected defendants' assertions in our first opinion and that defendant was bound by our earlier decision as the "law of the case." The trial court agreed with defendants and granted the motions for summary judgment, stating:

> "I'm granting the defendants' motion for summary judgment. I don't believe the defendants are precluded by the appellate court's decision. I don't think the appellate court reached the issue of waiver specifically. It was just that [defendants] had not met the requisite Court of Appeals standard for the Court to consider the alternative argument; and therefore, I think it's properly before me now that an answer has been filed by each of the defendants and they have moved for summary judgment.
>
> "I'm granting the summary judgment because I don't think the plaintiffs have met the statutory requirement in terms of the timing of the filing of the so-called revived action. I think that's as much as been conceded by the plaintiff, and I would have reached that conclusion in any event."

Accordingly, the trial court again entered a limited judgment dismissing plaintiff's product liability claims against defendants.

In her single assignment of error on appeal, plaintiff contends that the trial court improperly granted defendants' motions for summary judgment. At oral argument, she conceded that the refiled claims do not comply with the requirements of the revival statute; however, she contends that defendants "waived entitlement to the procedural requirements of amended ORS 30.905" and that "this court rejected defendants' statutory arguments" in the first appeal and, therefore, the "law of the case" should preclude defendant from "re-litigati[ng] * * * the issue." (Boldface omitted.) Defendants, in turn, assert that plaintiff's complaint was time barred and was filed before the effective date of the amendments to ORS 30.905, that they did not waive that defense, and that this court did not decide the issue in its first opinion in this case.

We turn first to plaintiff's "law of the case" argument. According to plaintiff, when we rejected defendants' alternate basis for affirmance in our first opinion, we established the "law of the case" as to that issue; therefore, defendants should not have prevailed on summary judgment. We are not persuaded.

The Oregon Supreme Court has described the "law of the case" doctrine as follows:

> " 'It is a general principle of law and one well recognized in this state that when a ruling or decision has been once made in a particular case by an appellate court, while it may be overruled in other cases, it is binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review.' "

*State v. Pratt*, 316 Or 561, 569, 853 P2d 827, *cert den*, 510 US 969 (1993) (quoting *Simmons v. Wash. F. N. Ins. Co.*, 140 Or 164, 166, 13 P2d 366 (1932)). In other words, the "law of the case" doctrine gives "preclusive effect to legal rulings made or sustained in prior appeals in the same litigation[.]" *Poet v. Thompson*, 208 Or App 442, 450, 144 P3d 1067 (2006). However,

> "[t]he doctrine does not apply to every statement about the law or the facts that the court happens to venture in the course of rendering its decisions. Rather, the 'law of the case' doctrine applies to the portions of a prior appellate opinion that were necessary to the disposition of the appeal.
>
> "Thus, 'law of the case' is a doctrine that should be invoked to preclude parties from revisiting issues that already have been fully considered by an appellate court in the same proceeding."

*Hayes Oyster Co. v. Dulcich*, 199 Or App 43, 53-54, 110 P3d 615, *rev den*, 339 Or 544 (2005) (internal quotations marks and citations omitted).

Here, as plaintiff correctly points out, in our first opinion in this case we declined defendants' invitation to affirm the trial court on the alternate ground "that plaintiff's claims do not qualify for revival under the statute, either

because no final judgment was entered previously, or because plaintiff refiled her claims too early[.]" *Fox*, 213 Or App at 459. We held that "the revival statute incorporates into ORS 30.905(2) the equivalent of a statute of limitations for the purpose of bringing a *revived* products liability claim[,]" *id*. at 460 (emphasis in original), and observed that a statute of limitations defense " 'is waived if it is neither made by motion under [ORCP 21] nor included in a responsive pleading or an amendment thereof.' " *Id*. at 459 (quoting ORCP 21 G(2)). We then reasoned as follows:

> "[D]efendants could properly raise plaintiff's failure to satisfy the statute as an affirmative defense; however, they were required to do so by pleading it in their answer or by moving to dismiss on that basis. Because defendants' motion for summary judgment sought dismissal solely on the basis of claim preclusion, *we decline to consider defendants' statute of limitations argument as a basis to affirm the trial court.*

> "Under [*Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 20 P3d 180 (2001)], we may—as a matter of discretion—affirm a trial court ruling on an alternate basis *when certain conditions are met. [Id.* at] 659-60. One of those conditions is that '*the facts of record be sufficient* to support the alternative basis for affirmance.' *Id.* at 660. Here, because defendants did not assert a statute of limitations defense in their pleadings, the record before the trial court would not have supported a dismissal of plaintiff's claims on that basis. The court may not *sua sponte* consider a statute of limitations defense that is not pleaded. *See Francke v. Gable*, 121 Or App 17, 20, 853 P2d 1366 (1993) (trial court's dismissal of action on its own motion on basis of unasserted, waivable defense is plain error); *Palmer v. State of Oregon*, 121 Or App 377, 380, 854 P2d 955 (1993), *aff'd*, 318 Or 352, 867 P2d 1368 (1994) (declining to affirm post-conviction court's dismissal of plaintiff's petition for post-conviction relief on alternative basis that it was untimely where state waived statute of limitations by failing to raise it by answer or motion to dismiss the petition); *cf. Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 384, 8 P3d 200 (2000) (because defense of failure to state a claim under ORCP 21 G(3) is waivable by party's failure to timely assert it, the appellate courts will not consider legal sufficiency of claim on appeal unless such a challenge was raised

at trial). We therefore reject defendants' statutory arguments *as an alternate ground for affirmance.*"

*Id.* at 460-61 (emphasis added; footnote omitted). In that discussion, we did not fully consider and reject defendants' arguments on their merits as plaintiff contends. Instead, we declined to consider them as an alternate basis to affirm the trial court's ruling. As we stated, before we can affirm a trial court's decision on alternate grounds, the record must be sufficient to support such an affirmance. In the absence of a responsive pleading or motion to dismiss raising the statute of limitations, the trial court could not have dismissed the case based on such a defense.[3] And, because neither such a motion nor a responsive pleading had been filed before the court granted summary judgment based on defendants' constitutional arguments, it remained to be seen whether the defense would actually be properly raised by defendants. Thus, we concluded that the record in the case, as it existed at that time, was not sufficient to support affirmance on that basis. We did not fully consider and resolve defendants' statutory arguments in the disposition of the prior appeal. Accordingly, plaintiff's reliance on the "law of the case" doctrine is unavailing.

As noted, plaintiff also contends, as she did in the first appeal, that "[d]efendants waived entitlement to the procedural requirements of amended ORS 30.905." (Boldface omitted.) Specifically, she states that

"defendants pressed to obtain a ruling from [the trial court] on constitutional grounds, and *never* contended * * * that plaintiff did not meet the requirements of ORS 30.905 (2003), either on grounds that plaintiff's judgment was not 'final' within the window of time permitted by the statute, or that plaintiff * * * re-filed her case too soon. In fact, they told her that plaintiff's claims met those requirements."[4]

_____

[3] We also noted that "[a] party may be excused from" the requirement of raising the defense in a responsive pleading or motion to dismiss "if the defense appears on the face of the complaint." *Fox*, 213 Or App at 460 n 7. However, defendants did "not assert that that [was] the case here." *Id.*

[4] In the motion for summary judgment that was the subject of the first appeal, defendants stated, in part:

"All parties to this action must acknowledge that the claims asserted against Genzyme and Valleylab, Inc., are identical to those plaintiff filed in her

Defendant responds first that "[b]ecause plaintiff's complaint was untimely on its face, the burden was on her to show that her claims were nonetheless 'revived' by amended ORS 30.905, and not on defendant to establish that her claims were not revived."[5] (Boldface omitted.) Second, according to defendants, "[t]he record establishes as a matter of law that defendant did not waive the statute of limitations. The Oregon Rules of Civil Procedure specify the ways in which a statute of limitations may be waived." That is, pursuant to ORCP 21 G(2), such a defense is waived "if it is neither made by motion under [that] rule nor included in a responsive pleading or an amendment thereof." Here, defendant "filed no motion to dismiss under ORCP 21 and it filed no responsive pleading which omitted the defense."[6]

---

previous lawsuit. All can also agree those claims were the subject of final judgments dismissing them with prejudice, on the ground that they were untimely under the law in effect at that time. * * *

"* * * * *

"The plain language of the statute *appears to* grant plaintiff legislative permission to re-litigate her product liability claims that have been resolved by final judgment. The legislature, however, has exceeded its authority in HB 2080 [the revival statute] and has no power to enact retroactive legislation which forces the courts to reopen a case which has been finally adjudicated."

*Fox*, 213 Or App at 459 n 5 (emphasis added; internal quotation marks omitted).

[5] Defendant also asserts that, on the merits, the trial court correctly decided that "former ORS 30.905 applied to plaintiff's complaint, which she filed in 2003." (Boldface omitted.) Plaintiff does not argue that issue in her brief. Furthermore, as noted, at oral argument, plaintiff conceded that she had not met the requirements of the revival statute.

[6] In reply to defendants' arguments regarding waivers of statutes of limitation, plaintiff, in her reply brief, asserts that she "never argued that defendants waived the statute of limitations." Instead, according to plaintiff, she contends that

"defendants waived *the application of the procedural requirements of ORS 30.905(2003).* Those procedural requirements have nothing at all to do with a 'statute of limitations,' except as they work to revive claims that were previously dismissed for being filed too late. But any revival of claims could only occur, under the statute, if two requirements were met: 1) a dismissal of a case on statute of limitations grounds via a 'final judgment,' and 2) a re-filing of that previously dismissed case after January 1, 2004."

(Emphasis in original.) However, plaintiff's characterization of the issue ignores our holding in the first appeal, in which we specifically considered the issue of whether the revival statute "is a statute that limits the time within which an action must be brought," and concluded that it was "the equivalent of a statute of limitations for the purpose of bringing a revived products liability claim." *Fox*, 213 Or App at 460.

Based on our understanding of the revival statute—that it is a type of statute of limitations—we determined that "defendants could properly raise plaintiff's

As noted, according to plaintiff, by virtue of the original motion for summary judgment on the refiled claims (the original motion) in which it argued that the revival statute was unconstitutional, defendants waived the right to assert that plaintiff's claims failed to meet the requirements of the revival statute. In plaintiff's view, not only did defendants fail to raise the issue in the original motion, but they also "*affirmatively* stated that plaintiff's claims were procedurally proper[.]" (Emphasis added.) Again, we are unpersuaded.

■ Under Oregon law, waiver is the "intentional relinquishment of a known right." *Johnson v. Swaim*, 209 Or App 341, 346, 147 P3d 374 (2006), *aff'd*, 343 Or 423, 172 P3d 645 (2007) (internal quotation marks omitted). Such a waiver "must be plain and unequivocal, either in its terms or by conduct, clearly indicating an intention to renounce a known privilege or power." *Id.* As noted, where a defendant files a motion to dismiss pursuant to ORCP 21 or a responsive pleading, and fails to include therein a statute of limitations defense, that defense is deemed waived as a matter of law.[7] *See* ORCP 21 G(2) ("A defense * * * that the action has not been commenced within the time limited by statute, is waived if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof.").

■ Here, defendants filed no responsive pleadings or motions to dismiss pursuant to ORCP 21 before filing the original motion for summary judgment and thus, did not trigger the waiver provision in ORCP 21 G(2). Instead, after

failure to satisfy the statute as an affirmative defense; however, they were required to do so by pleading it in their answer or by moving to dismiss on that basis." *Id.* In light of that holding, plaintiff's waiver argument, correctly framed, is that defendants have waived the right to assert that she failed to satisfy the statute of limitations.

[7] ORCP 21 G(2) also provides that such a defense could be included in an amendment to a responsive pleading. However,

"[l]eave of court to amend a pleading to assert the defenses referred to in this subsection shall only be granted upon a showing by the party seeking to amend that such party did not know and reasonably could not have known of the existence of the defense or that other circumstances make denial of leave to amend unjust."

*Id.* In addition, a party may be excused from the requirement of including such a defense in a responsive pleading or a motion pursuant to ORCP 21 "if the defense appears on the face of the complaint." *Fox*, 213 Or App 460 n 7.

being served with the complaint, defendants immediately sought summary judgment asserting that the statute was unconstitutional. That procedure was permissible under the rules. *See* ORCP 15 A ("A motion *or* answer to the compliant * * * shall be filed with the clerk by the time required by Rule 7 C(2) to appear and defend." (Emphasis added.)); ORCP 47 B ("A party against whom a claim * * * is asserted * * * may, at any time, move, with or without supporting affidavits or declarations, for a summary judgment in that party's favor[.]"). Nothing in the Oregon Rules of Civil Procedure requires that, in general terms, every defense or basis for summary judgment be included in such a motion. Nor do the rules provide, specifically, that if a summary judgment motion does not include a statute of limitations defense, that defense is waived. Furthermore, plaintiff has not pointed to some other source creating such a requirement, nor are we aware of any. Accordingly, we reject plaintiff's argument that defendants waived the defense at issue simply by virtue of failing to include it in the original motion for summary judgment.

■ We are likewise unconvinced that defendants ever "affirmatively" represented that plaintiff's claims were properly before the court pursuant to the revival statute. Indeed, plaintiff acknowledged as much at oral argument in this appeal, and took the position that defendants' assertions to the trial court nonetheless indicated that the claims were procedurally proper. In arguing that the revival statute was unconstitutional, defendants stated several times that a final judgment had previously been entered dismissing plaintiff's product liability claims with prejudice and observed that the revival statute "appears to grant plaintiff legislative permission to re-litigate" those claims. In our view, defendants' assertions in the original motion do not imply that plaintiff's refiled claims are procedurally proper under the revival statute. In fact, defendants stated only that the terms of the statute *appeared* to permit plaintiff the ability to relitigate claims that had already been resolved. Those arguments, in the context of defendants motion for summary judgment, do not amount to the intentional relinquishment of a known right; they were provided as context for the constitutional arguments that defendants were making and were not an

unequivocal renunciation of the ability to later raise the defense at issue.

In light of the foregoing, we conclude that the trial court did not err in granting summary judgment in favor of defendants.

Affirmed.