Stanley L. DECKER

*v.*

DEPARTMENT OF REVENUE

(TC 3810)

Stanley L. Decker (taxpayer) appeared *pro se*.

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered February 16, 1996.

**CARL N. BYERS, Judge.**

Taxpayer appeals omitted property tax assessments on his residence and garage made by the Tillamook County Assessor for tax years 1989-90 through 1993-94. Taxpayer claims his residence and garage were included on the tax rolls for those years. Taxpayer further argues the assessor impermissibly used "valuation judgment" to add the subject property to the tax roll. The Department of Revenue (department) contends the assessments are correct, whether based on clerical error or omission.

Taxpayer's property consists of approximately a three-acre parcel located on the outskirts of the City of Tillamook. It is improved with a house, loft barn with attached lean-to and a milkhouse. All of the improvements were in existence during the years in question. In 1982, the city annexed the easterly 19 feet of taxpayer's property, taking .26 acres into the city. The new city boundary ran through the loft barn so that only part of it was within city limits. As a result of the annexation, the assessor determined taxpayer's property should be divided into two tax accounts. The administrative actions thereafter are marked by a lack of clarity and accuracy.

The chief appraiser for Tillamook County testified that the residence should have retained the parent account number, No. R1S10 24 00200 (hereinafter 200). However, it was placed in a subaccount, No. R1S10 24 00200SU1 (hereinafter 200SU1). Account 200SU1 was comprised of approximately 1.5 acres, taxpayer's residence and garage. Account 200 contained the remaining 1.5 acres with the loft barn and milkhouse.

The chief appraiser testified that for the first year of the two separate accounts (1984-85), account 200 incorrectly showed the value of the improvements ($4,340) as land and no value was shown for improvements. In account 200SU1, land was assessed at $12,000 and improvements at $43,700. Thus, the total of the two accounts for 1984-85 was $60,040. The following year, the total assessed value of the two accounts was reduced slightly to $55,450. There is no question the value of the house and garage was included in these assessments.

In December 1985, taxpayer received the first of two separate tax bills. He telephoned the assessor's office and questioned the logic of having two accounts for a single parcel of property. The assessor agreed it was not reasonable and took action to recombine the two accounts into a single account. Inasmuch as the tax roll had been turned over to the tax collector for that year, changes to the roll for the subsequent year were to be made by journal vouchers. The assessor issued a journal voucher on December 26, 1985, recombining the two accounts for the next tax year.[1] When the

---

[1] The court notes that the voucher form gives several options as the "reason for change." The voucher was marked for both "value change" and "other," but not for

assessment roll was prepared for the 1986-87 year, the first year the two accounts were recombined, the roll showed $18,000 for land and $7,320 for improvements, for a total assessed value of $25,320.

Taxpayer testified that in September 1985, an appraiser from the assessor's office appraised all the improvements, including the house and garage. Taxpayer claims the appraisal of all the improvements resulted in the value of $7,320. The chief appraiser for the county testified that there is no evidence in the records that the house was appraised in September 1985. She believes the house was missed because the two accounts were in separate appraisal areas prior to being recombined. Account 200 was in appraisal area one, which was reappraised in 1985, while account 200SU1 was in appraisal area three, which was not reappraised in 1985.

Only the value of the land and improvements shown on the appraisal jacket of account 200 appeared on the 1986-87 tax roll as the value of the combined accounts. Although the combining of the two accounts eliminated account 200SU1, the value of the house and garage in that account was not added to the roll. The assessed value of the outbuildings on the 1986-87 roll were simply trended forward thereafter. This situation continued for several years. In July 1994, a real estate broker raised questions about the assessed value of the improvements. It was at that point the assessor discovered the house and garage had been omitted from assessment.

ORS 311.207(1) sets forth when the assessor may add property to the tax rolls as omitted property. It provides:

> "Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property, including property subject to assessment by the Department of Revenue, or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls

---

"combination." The voucher also lists the two accounts as "present," including the house under the "revised record" for account 200, but for unknown reasons it was not shown on the tax roll.

for any year or years not exceeding five years prior to the last roll so returned, the assessor shall give notice as provided in ORS 311.209."

Pursuant to ORS 311.209, the assessor sent taxpayer a letter indicating he intended to assess the house and garage. This required notice is intended to give the taxpayer an opportunity to show why the property should not be assessed as omitted property. Taxpayer was unable to satisfy the assessor and, as a result of the assessments, this appeal ensued.

The issue before the court is whether the house and garage were omitted from assessment.

There can be little doubt they were omitted. The assessment roll for 1986-87 does not show a building or improvement. Instead, it shows only "spec-feat," (special features) with an assessed value of $7,320. Taxpayer contends the house was part of the appraised value of $7,320. However, this contention is unreasonable in light of the assessed value of $39,330 for the house alone in the prior tax year. Moreover, there is no evidence in the assessor's records that the house was included; the records do not indicate the house was appraised with the other improvements. Taxpayer surely must have been aware there had been an error because the total 1986-87 assessed value of his property was less than half of the total assessed value in the prior tax year. Although it is understandable taxpayer may not feel compelled to call this to the assessor's attention, he is hardly in a position to complain when the error is discovered.

■ Taxpayer also contends property cannot be assessed as omitted property under ORS 311.207 if the assessor must appraise the property to determine what value to put on the roll. Taxpayer claims such an appraisal constitutes the use of "valuation judgment," which is precluded under ORS 311.205(1)(b).[2] However, if property is omitted under the definition of ORS 311.207, *i.e.*, "any buildings, structures, improvements * * * on land previously assessed without the same," the assessor would not have exercised any valuation

---

[2] ORS 311.205(1)(b) provides:

"The officer may not correct an error in valuation judgment. Such errors are those where the assessor would arrive at a different opinion of value."

judgment during the omitted years. Appraising omitted property to determine a value cannot constitute the correction of an error in valuation judgment. Furthermore, the department has adopted a rule providing that, when omitted property is an addition to other property, a complete reappraisal of the property should be made to ascertain the correct value. *See* OAR 150-311.207(1).

The court finds that the subject house and garage were omitted from assessment and that the department's Opinion and Order No. 94-4809 upholding such assessments must be sustained. Costs to neither party.