IN THE OREGON TAX COURT
REGULAR DIVISION

Norman L. MILLER
and Donna L. Miller,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*

*and*

TILLAMOOK COUNTY,
*Intervenor-Defendant.*

(TC 4534)

Norman L. Miller and Donna L. Miller, Plaintiffs (taxpayers), argued the cause *pro se.*

Melisse S. Cunningham, Assistant Attorney General, Department of Justice, Salem, filed an Answer for Defendant (the department), but did not argue the cause.

William K. Sargent, Tillamook County Counsel, Tillamook, argued the cause for Intervenor-Defendant (the county).

Decision for Defendant and Intervenor-Defendant rendered November 29, 2001.

## HENRY C. BREITHAUPT, Judge.

Plaintiffs (taxpayers) challenge the action of Inter-venor-Defendant Tillamook County (the county) in adding certain property to the assessment roll pursuant to ORS 311.205 and ORS 311.216 (the omitted property statutes).[1]

### FACTS

The property in question is a barn located on taxpay-ers' land, upon which a number of other buildings also exist. The record reflects that the barn was assessed at one time in the 1980s. The assessor was aware of the existence of the barn prior to 1999; however, the barn was not on the assess-ment roll or assessed for the tax years 1995-96 through 1999-2000. The barn was then added to the assessment roll as omitted property for those years.

### ISSUE

May the property in question be assessed as omitted property?

### ANALYSIS

Taxpayers appeal a Magistrate Decision upholding the county's assessment. As the party seeking affirmative relief, taxpayers have the burden of showing by a preponder-ance of the evidence that the omitted property assessment should not have been made. *See* ORS 305.427.

Taxpayers first argued that the property in question was, in fact, assessed during the subject period and hence could not be added as "omitted." The county made a credible showing that the subject property was not subject to assess-ment during the period at issue. Regarding that question of fact, taxpayers have failed to satisfy their burden of proof.

In the alternative, taxpayers appear to focus on the language of ORS 311.216(1), which states, in part, "any buildings, structures, improvements or timber on land pre-viously assessed without the same," to argue that "on land previously assessed without the same" refers to all four of the listed types of property. That is, they argue that any building

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

added as omitted property must be located on land that has at all times been assessed without consideration of the building. Since the subject barn was previously assessed, taxpayers believe the county is now precluded from adding it to the roll as omitted property. That interpretation is not consistent with the statutory language. This court has made clear that the phrase "on land previously assessed without the same" refers only to timber. *See Marion County Assessor v. Dept. of Rev.*, 10 OTR 265, 268 n 1 (1986).

Taxpayers next argue that the inclusion or exclusion of the barn amounts only to a matter that affects the valuation of taxpayers' farm as a whole. That argument seeks the benefit of the rule that an error in valuation judgment may not be corrected under the omitted property statutes. *See* ORS 311.205(1)(b); *see also Domogalla v. Department of Revenue*, 283 Or 377, 384-85, 584 P2d 256 (1978). Taxpayers' premise is that land with improvements is considered one property and is thus valued as a whole, rather than in parts, for property tax purposes. That leads taxpayers to believe that failure to include the value of a building on the land is not an omission, but an error in value.

For that proposition, taxpayers cite a number of cases from other jurisdictions, which the court has reviewed. Those cases are not controlling either because the statutory schemes under which they were decided are different from the Oregon statutory scheme or because they were decided on other grounds, for example, retroactivity of statutory enactments. Taxpayers appear to have been introduced to many of those cases by the opinion of this court in *West Foods v. Dept. of Rev.*, 10 OTR 7 (1985), where some of the cases were cited for the principle that undervaluation cannot be remedied by an omitted property assessment. In *West Foods*, this court held that certain mushroom growing beds were such an integral part of a building that they took on the status of real property, so that failure of the appraiser to include the beds in the valuation of the buildings amounted to a case of undervaluation and not an omission of any buildings, structures, or improvements. *Id.* at 11.

*West Foods* does not stand for the proposition that land with improvements is but one property for purposes of

applying the omitted property statutes. Nothing in the Opinion supports a conclusion that the court found an undervaluation of one aggregate property, consisting of land and improvements.[2] That case stands only for the principle that where an assessor fails to take into account all fixtures present in a building or structure at the time of a physical appraisal, but does take into account the structure as a whole, the matter is one of undervaluation.[3]

■       Case law does not support a conclusion that the failure to assess an entire building is an undervaluation. Rather, Oregon law provides that within the category of real property, buildings, structures, and improvements are analyzed separately from land. ORS 311.216(1) very specifically contemplates that action by an assessor is appropriate when "any real or personal property * * * **or any** buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, **in whole or in part**, from assessment and taxation * * *." (Emphasis added.) Perhaps most illustrative is that Oregon's system of specially assessing farmland specifically contemplates that land and buildings are assessed separately and not as one single property.[4] *See* ORS 308A.110. Consequently, taxpayers' argument that the omission of the barn from taxation amounts only to an undervaluation fails for lack of supporting legal authority.

■       Finally, taxpayers argue that where the county once assessed the barn and thereafter failed to do so, the county is prevented from adding the barn back to the roll. Taxpayers' reason that ORS 311.216 should be applied only where an improvement or building has been added after a physical

---

[2] Although the court concluded that the fixtures and the buildings were a "single economic unit" and "part of the real property," it made no finding that the fixtures, the buildings, and the land were considered as one unit for purposes of applying the statutes. *See West Foods*, 10 OTR at 9-11. The court did not reach taxpayers' present question and therefore did not address it.

[3] Oregon case law makes clear that overlooked fixtures in a physical appraisal may not be added as omitted property, but that fixtures added after a physical appraisal or additions that were omitted from a taxpayer's report may be treated as omitted rather than undervalued. *Compare West Foods*, 10 OTR 7, *with Marion County*, 10 OTR 265, *and Decker v. Dept. of Rev.*, 13 OTR 443 (1996).

[4] The benefits of farm use special assessment extend to the land but not to improvements on the land.

appraisal. However, nothing in the statute indicates that such a time sequence is the only basis for an omitted property assessment. Indeed, the statute has, for a very long time, indicated that where a property has been omitted **for any reason**, it may be added to the assessment rolls in accordance with the statutory procedures. Taxpayers' position is incompatible with that clear language.

Taxpayers further reason that they should not suffer due to an assessor's errors. However, the basic purpose behind ORS 311.205 and ORS 311.216 is to provide an assessor with the opportunity to correct inadvertent errors, so as to tax property as it would otherwise have been taxed.

The statutes require this property to be added to the roll to insure that all taxpayers in the county bear the appropriate burden.[5] Although taxpayers do not escape taxation for the statutory period of five years back, they benefit in the form of no taxation for now time-barred years and are not charged interest on the tax liability ultimately imposed. *See* ORS 311.229.

The omitted property assessment issued by the county is upheld. The assessed value shall be determined as provided by law. Costs to neither party.

---

[5] Note that failure of the assessor to act can lead to a mandamus proceeding by another taxpayer. ORS 311.232.