IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

RESTAURANT DEVELOPMENT                )
COMPANY OF MEDFORD, LLC               )
d/b/a RED ROBIN,                      )
                                      )
            Plaintiff,                )       TC-MD 170061R
                                      )
     v.                               )
                                      )
JACKSON COUNTY ASSESSOR,              )
                                      )
            Defendant.                )       **FINAL DECISION**[1]

Plaintiff appeals Defendant's Notice of Tax Roll Correction for Omitted Property, dated

November 16, 2016, for the 2011-12 to 2016-17 tax years. A telephonic trial was held on

November 26, 2018. Alex Robinson appeared on behalf of Plaintiff. Douglas Beiswegler

testified on behalf of Plaintiff. Ed LeRoy (LeRoy) and David Arrasmith appeared on behalf of

Defendant. LeRoy testified on behalf of Defendant. Plaintiff's Exhibits 1 to 8 were admitted

into evidence. Defendant's Exhibits A to D were admitted into evidence.

## I. STATEMENT OF FACTS

The facts of this case are derived from the parties' stipulated facts submitted in

conjunction with Plaintiff's Motion for Summary Judgment, and the testimony and exhibits

presented at trial.

/ / /

/ / /

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered May 29, 2019. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Plaintiff owns certain improvements built in 1999 and operated as a Red Robin restaurant (the "Subject Property")[2]. The Subject Property is a free-standing building at the northeast corner of Jackson Street and Biddle Road. The land under the Subject Property has been owned by different entities, but since February 2017, it has been owned by LBG Medford DN LLC. Plaintiff (as tenant) has leased the land under the Subject Property since its construction and is responsible for an allocated portion of property tax for the tax account.

Since the Subject Property's construction, the land underlying the Subject Property has been taxed as part of the assessor's account number 10759851, which contains several larger buildings. That tax account is part of nine other tax accounts making up a shopping center commonly known as the Medford Center. An individual tax statement was not issued for the Subject Property from its construction in 1999, until August 16, 2016, when the assessor created an "improvements only" account identified as 11003503. The assessor created the account after determining that the land under the Subject Property had been taxed under account 10759851 but the building had been omitted from the tax rolls.

 Parts of Medford Center have been the subject of several property tax appeals since the construction of the Subject Property. In connection with one such appeal, the assessor's office conducted a site visit of the Medford Center on June 22, 2009, and prepared an appraisal that did not include the Subject Property.

The owner of the relevant portion of Medford Center brought an appeal to the Jackson County Board of Property Tax Appeals (BOPTA) for the 2012-13 tax year. The date of value at issue in the 2012-13 appeal was January 1, 2012. Following the filing of the 2012-13 appeal, a

---

[2] In property tax appeals, the court typically uses the term "Subject Property" to describe all of the property within an assessor's tax account, however, in this case the term Subject Property refers only to the improvement in dispute, which is the Red Robin building.

representative of the Jackson County Assessor's Office physically appraised the appealed portion of Medford Center. LeRoy was the appraiser assigned to perform the county's appraisal for the hearing before BOPTA. LeRoy's site visit of the appealed portion of Medford Center took place on January 23, 2013. LeRoy, while performing the appraisal for the county, noted in his file to "include Red Robin in GBA [gross business area]." (Ptf's Ex 2.) LeRoy's appraisal for the 2012-13 appeal included the Subject Property as part of the assessor's estimate of real market value presented to BOPTA. No tax roll change was made by the BOPTA decision because it was appealed to the Tax Court-Magistrate Division under case TC-MD 130287C. The Department of Revenue represented Jackson County in the Magistrate Division. The Department's 71-page summary appraisal report of the entire Medford Center was submitted to the court as a trial exhibit in TC-MD 130287C. The appraisal report specifically identifies and places a value for the square footage of the Subject Property. The case was settled by an agreement of the parties prior to trial.

On or about November 16, 2016, the assessor created an "improvements only" account for the Subject Property and issued a notice of tax roll correction for omitted property (the "Omitted Property Notice") for the 2011-12 through 2016-17 tax years. This appeal ensued.

## II. ANALYSIS

The issues in this case are whether the Subject Property was omitted from the tax rolls for the years in issue, and, if so, whether the county assessor may add the value to the rolls. Plaintiff argues that the Subject Property was not omitted from the tax rolls because it was included in county and state appraisals in conjunction with prior tax appeals. Plaintiff further argues that even if the subject property was omitted from the tax rolls, administrative rule OAR 150-311-210(3)[3] and Tax Court

---

[3] Oregon Administrative Rule (OAR).

decisions beginning with *West Foods v. Dept. of Rev*., 10 OTR 7 (1985) preclude the property from being added to the rolls. Defendant argues that the improvements for the Subject Property have never been taxed because there are no county records showing an increase in maximum assessed value after the Subject Property was built, and because the tax roll changes made pursuant to prior Magistrate Division appeals were based on negotiated settlements and not based on appraisals.

A. *Was the Subject Property Included on the Tax Rolls?*

Each year, every county tax assessor must assess and list on the assessment rolls the real market value of land and the real market value of "all buildings, structures and improvements." ORS 308.215.[4] One might assume that determining whether an improvement to a property is on the tax rolls would be a simple matter of looking at a card or a print-out of a county assessor's computerized tax records. Yet, in this case it is not that simple. The Subject Property is part of a large shopping center comprised of nine separate tax lots and many different buildings within those tax lots. (Ptf's Ex 3 at 39.) Included within the tax account at issue here are several large buildings and a relatively small Red Robin restaurant on its own separate pad. Neither Plaintiff's documents nor county records submitted as exhibits show any direct evidence that the Subject Property was added to the tax rolls. Instead, Plaintiff presents circumstantial evidence that as part of an appeal for the 2012-13 tax year, the county appraised the Subject Property, and LeRoy, while performing the appraisal for the county, noted in his file to "include Red Robin in GBA [gross business area]." Additionally, in connection with that appeal, the Department of Revenue, as an intervenor, included the Subject Property in its appraisal. Neither of the appraisals represents direct evidence that the Subject Property was actually included on the tax rolls during the 2011-12 or 2012-13 tax years. Further, that case was settled prior to trial and the significance

---

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

of the data in the appraisals in reaching that settlement is unknown. Logic suggests that LeRoy would only make a specific notation about including the Subject Property in conjunction with his appraisal because he believed it was not already on the tax roll. The appraiser for the Department of Revenue did not specifically state she had reviewed the county's tax rolls but did include the square footage of the Subject Property in the analysis. In its Motion for Summary Judgment, Plaintiff concedes that the evidence is lacking with respect to the 2011-12 tax year. (Ptf MSJ at 6.) As to the subsequent years, the direct evidence only shows that the county and state appraised the Subject Property but is inconclusive whether Subject Property was actually included on the County's tax rolls.

B. *May the County Assessor Add the Value to the Rolls as Omitted Property?*

ORS 311.216 allows county assessors to add property that has been omitted from the tax assessment rolls. However, "[o]nce a tax assessor has determined the value of property and listed it on the assessment roll, the assessor may not correct the value listed on the assessment roll merely because he or she 'would [now] arrive at a different opinion of value.' ORS 311.205(1)(b)." *Clackamas County Assessor v. Village at Main St. Phase II, LLC (Village II)*, 349 Or 330, 332, 245 P3d 81 (2010). At first glance the court's lack of finding about the Subject Property's inclusion on the tax roll in the above analysis would tend towards a conclusion that the assessor could add the property as omitted pursuant to ORS 311.216. However, the court finds Plaintiff's circumstantial evidence that the value of the Subject Property was included on the rolls for the 2012-13 tax year persuasive. The court finds that prior tax court decisions that support Defendant's position can be distinguished and further finds an alternative basis for the court to grant, in part, Plaintiff's appeal.

/ / /

Plaintiff urges the court to follow *West Foods,* arguing that the Subject Property was in existence at the time of an appraisal, and was an integral part of the property, and thus cannot be added to the tax rolls as omitted property. In *West Foods,* the county physically appraised a mushroom growing operation in 1973 and then again in 1980. Between those two appraisals the taxpayer had built growing beds, which the county asserted they "missed." *West Foods,* 10 OTR at 10. The Tax Court held that if an assessor failed to include the value of property that was "in existence at the time of an appraisal and [was] an 'integral part' of property that was physically appraised," then the assessor could not add the property as omitted. *Village II,* 349 Or at 334 (citation omitted). The holding in *West Foods* is now reflected in the Department of Revenue's administrative rule 150-311-0210(2)(b) and was cited with approval by the Supreme Court in *Village II.*

The problem with Plaintiff's reliance on *West Foods* is that this court is unable to find that the Subject Property is an "integral part" of the tax lot or the mall as a whole. The Subject Property is one of multiple buildings contained a single tax lot that is part of a series of other tax lots, which makes up a large shopping mall. Missing infrastructure or additions to a building are one thing, but missing an entire building is another, as the Tax Court pointed out in *Miller v. Dept. of Rev.,* 16 OTR 4 (2001). In *Miller*, the court stated that *West Foods* "stands only for the principle that where an assessor fails to take into account all fixtures present in a building or structure at the time of a physical appraisal but does take into account the structure as a whole, the matter is one of undervaluation." *Id*. at 7. The court further emphasized that "[c]ase law does not support a conclusion that the failure to assess an entire building is an undervaluation." *Id*.

The Tax Court later addressed its *Miller* decision in *Clackamas Cty. Assessor v. Village at Main Street I*, *LLC*, 20 OTR 9 (2009), *aff'd,* 349 Or 330, 245 P3d 81 (2010). In that case the

Tax Court noted that the barn in *Miller* was a completely separate structure and so was "not an 'integral part' of the property that was certified on the tax roll." *Id*. at 15 (internal cites omitted). The Tax Court in *Village* noted that it was following *West Foods* and distinguishing *Miller*. Ultimately, this court does not find *West Foods* applicable to this case, because the allegations here are that the county missed an entire building.

The holding in *Miller* on its face does not help Plaintiff, but that case is distinguishable. One significant difference from *Miller* is that here the Subject Property was part of several appeals and a stipulated judgment. In the appeal for the 2012-13 tax year, there is significant circumstantial evidence that the value of the Subject Property was part of the county and Department of Revenue's appraisals and part of the process which produced a stipulated value that resulted in a change to the tax rolls. It appears to the court that, although the Subject Property was not added to the tax roll by any traditional statutory process, the value was added to the rolls through the appeal and resulting stipulation. Thus, the court finds the Subject Property was not omitted from the tax rolls beginning in the 2012-13 tax year.

There is an additional basis to prevent the county from adding the Subject Property as omitted property which was not briefed by the parties. That is the concept commonly referred to as "adjudicated value." ORS 309.115(1) protects taxpayers by maintaining an adjudicated real market value on the rolls for five years after the order is entered by the Department of Revenue, BOPTA, the Tax Court, or other court. ORS 309.115 contains eight exceptions to the immutability of a real market value during the imposed five-year period. Adjustments to the real market value can be made within the five-year period for: annual trending, indexing, or depreciation; additions; retirements; increases directly related to additions, remodeling, or rehabilitation made to the property; changes directly related to subdividing or partitioning the

property; changes directly related to rezoning the property; or for property damaged, destroyed, or otherwise subject to loss of real market value. No part of the statute allows adjustments to be made for omitted property during the five-year period and none of the other exceptions apply here. Allowing the county to go over the top of a stipulated agreement, which then became an adjudicated value, would violate the text and spirit of ORS 309.115.

### III.  CONCLUSION

After careful consideration, this court finds that Plaintiff has failed to meet its burden of proof that the Subject Property was not omitted for the 2011-12 tax year. However, through the subsequent processes of tax appeals, appraisals, and a stipulated agreement the value of the Subject Property was included in changes to the tax roll during the 2012-13 tax year. Therefore, the Subject Property cannot be treated as omitted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2011-12 tax year is denied.

IT IS THE FURTHER DECISION OF THIS COURT that Plaintiff's appeal for the 2012-13 to 2016-17 tax years is granted.

Dated this ____ day of June 2019.

RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.***

***This document was signed by Magistrate Richard Davis and entered on June 17, 2019.***