IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JAMES E. BRAKE and CATHY M. BRAKE, )
)
Plaintiffs, ) TC-MD 190132N
)
v. )
)
COLUMBIA COUNTY ASSESSOR, )
)
)
Defendant. ) **DECISION**

Plaintiffs appeal Defendant's omitted property tax assessment, dated January 14, 2019, adding additional value to property identified as Account 15932 (subject property) for the 2017-18 and 2018-19 tax years. (Compl at 3.) A second case management conference was held September 5, 2019, during which Plaintiffs requested that the court enter a decision based on the pleadings. Defendant's representative stated that she agreed with the factual allegations made in the Complaint and agreed to supplement those facts with Defendant's records concerning the subject property and the omitted property tax assessment. Defendant's letter and exhibits in support was filed on September 9, 2019. Plaintiffs' optional response was due September 13, 2019. Plaintiffs have waived their response.

I. STATEMENT OF FACTS

Plaintiffs pulled a permit to construct a dwelling on the subject property and began construction in Fall 2015. The dwelling was complete August 2016. One of Defendant's appraisers visited the subject property on December 10, 2014, before construction had begun. (Def's Ltr at 2 (attachment 1).) That appraiser "filed the Building Permit in the account envelope instead of placing the permit in the re-check file." (Def's Ltr at 1.) As a result, Defendant did not add the new property to the tax rolls until an omitted property assessment was

issued on January 14, 2019, adding value for the 2017-18 and 2018-19 tax years. (Compl at 3.) Plaintiffs maintain that Defendant should not be able to add omitted property because they caused the error in this case. (*Id*. at 2.) Plaintiffs also allege that an appraiser visited the subject property when the new dwelling was framed, though Defendant found no such record.[1]

## II. ANALYSIS

The issue before the court is whether Defendant may add omitted property to the assessment and tax rolls for the 2017-18 and 2018-19 tax years under ORS 311.216.

Plaintiffs, as the party seeking affirmative relief, bear the burden of proof and must prove their case by a preponderance of the evidence. ORS 305.427.[2] "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

In support of its assessment of additional taxes for omitted property Defendant cites ORS 311.216(1), which provides:

> "Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property, including property subject to special assessment by the Department of Revenue, or any buildings, structures, improvements or timber on land previously assessed without the same, *has from any cause* been omitted, in whole or in part, from assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor shall give notice as provided in ORS

---

[1] Defendant's notes regarding the subject property reveal that it was disqualified from farm special assessment in 2014, at the owners' request. Defendant's notes also state that "2015 New Construction. Dwelling not started yet. Re-check 2016, owner stated should be started by then. Exception value added for view (two mountains+) and for finish on Ag Bldg (GPB). Appears living area was created in GPB prior to owner selling adjoining property in 6/2014. Appears living area was unpermitted as AG permit does not allow for this type of use." It is unclear when this note was made and for what reason.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017. The 2015 ORS apply to the 2017-18 tax year but there were no relevant changes to the applicable statutes between the two versions.

311.219 [Notice of intention to assess omitted property].”

(Emphasis added.) County assessors, generally, are required to make corrections and to add omitted property to the assessment and tax rolls. *See* ORS 311.205; ORS 311.216; *see also Van Hoff v. Benton County Assessor*, TC-MD 100212B, 2010 WL 2165082 at *2 (Or Tax M Div May 28, 2010) (County “is required to add property previously omitted from the assessment and tax rolls” and such action “is mandatory not discretionary”). The statutes contain some relevant limitations on Defendant’s authority to correct the rolls: 1) Defendant cannot assess beyond five years prior to the last certified roll, and 2) Defendant is prohibited from correcting errors in “valuation judgment” resulting in an increase in taxes. ORS 311.216(1); ORS 311.205(1)(b)(A), (C). “[A]n error in valuation judgment is one in which the assessor or the department would arrive at a different opinion of value.” ORS 311.205(1)(b)(D). “Improvements which are in existence and are an integral part of property which is physically appraised may not later be revalued and added as omitted property * * *.” OAR 150-311-0210; *see also Clackamas Cty Assessor v. Village at Main St. Phase II*, 349 Or 330, 334, 245 P 3d 81 (2010) (affirming Tax Court which held that in order to prove property was revalued, rather than omitted, taxpayer must show that the property “was in existence at the time of an appraisal and was an integral part of the property that was physically appraised”) (internal quotation omitted).

Plaintiffs challenge Defendant’s assessment on two grounds, first, that one of Defendant’s appraisers physically viewed the subject property at the time framing was complete, suggesting a potential undervaluation of at least part of the house; and second, that Defendant should be barred from assessing omitted property based on its knowledge that Plaintiffs had pulled permits. Regarding the first basis, Plaintiffs stated orally that an appraiser visited the subject property when the new dwelling was framed. Plaintiffs’ statement was not made under

oath and Plaintiffs declined to file a written response, declaration or any further evidence in support of their statement. Plaintiffs' statement alone – which is disputed by Defendant – is insufficient to meet their burden of proof.

Plaintiffs maintain that they should not have to pay the omitted property assessment because they turned in all the proper permits and Defendant erred in failing to promptly act in response to those permits. (See Compl at 2.) In *Helfrich v. Lane County Assessor*, TC-MD 091414C, 2010 WL 360359 at *1 (Or Tax M Div Jan 29, 2010), taxpayer similarly argued that it was unfair to impose back taxes for omitted property because it was the county's mistake; he had obtained all necessary permits and "made no effort to hide the existence of the building." The court held that ORS 311.216 "does not require an intent to evade taxes or a culpable state in order for the assessor to add omitted property to the rolls. Fault is essentially irrelevant." *Id*. at *3. Likewise, in *Miller v. Dept. of Rev.*, 16 OTR 4, 8 (2011), the court rejected taxpayer's argument that "they should not suffer due to an assessor's errors" noting that "the basic purpose behind ORS 311.205 and ORS 311.216 is to provide an assessor with the opportunity to correct inadvertent errors, so as to tax property as it would otherwise have been taxed."

The court understands that the added financial burden of an omitted property assessment may be punishing to taxpayers, however, it is a legal requirement. ORS 311.216 directs the assessor to add omitted property to the rolls "from any cause." *See also* ORS 311.232 (allowing "any taxpayer" to seek court order compelling enforcement of ORS 311.216). "The statutes require this property to be added to the roll to ensure that all taxpayers in the county bear the appropriate burden." *Miller*, 16 OTR at 8. There is nothing in the statutory text suggesting that the legislature intended to create an exception where Defendant made an error.

/ / /

### III. CONCLUSION

After careful consideration, the court finds that Defendant's omitted property assessment for 2017-18 and 2018-19 must be upheld. ORS 311.216 requires that omitted property be added to the rolls for "any cause[.]" The court is aware of no exception where the mistake was the result of Defendant's error. Plaintiffs have failed to present persuasive evidence that Defendant's omitted property assessment was, in fact, a correction of a prior valuation judgment barred under ORS 311.205. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ＿＿ day of October 2019.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by* mailing *to: 1163 State Street, Salem, OR 97301-2563; or by* hand delivery *to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within* 60 *days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on October 17, 2019.*