Submitted October 4, 2013, reversed and remanded May 20, 2015

Martin Allen JOHNSON,
*Plaintiff-Appellant,*

*v.*

Mathew Tryee JOHNSON,
*Defendant-Respondent.*

Washington County Circuit Court
C122592CV; A152994

350 P3d 533

Martin Allen Johnson filed the brief *pro se.*

No appearance for respondent Mathew Tryee Johnson.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Plaintiff, a self-represented litigant both in the trial court and on appeal, appeals a judgment dismissing his action for breach of contract and breach of fiduciary duty. Plaintiff contends that, after he timely filed a motion for default with all supporting documents needed for a default order against defendant, who had not appeared in the action, the trial court improperly failed to grant the motion and then erroneously dismissed his action for want of prosecution under UTCR 7.020(3). We conclude that the trial court erred when it rejected plaintiff's motion *sua sponte* for lack of a proposed order, because submission of such an order was not a requirement under any statute, court rule, or court order. Accordingly, the trial court lacked a basis to dismiss plaintiff's action for want of prosecution under UTCR 7.020(3), and we reverse.

The relevant facts are primarily procedural. Plaintiff is serving a sentence in state prison. In April 2012, plaintiff filed a civil action against defendant, his brother, alleging that defendant had coerced their mother into removing plaintiff as a beneficiary of her trust before her death in 2010 and that defendant was violating fiduciary duties as trustee of the trust. Plaintiff served defendant with the summons and complaint in May 2012. Defendant did not respond to or appear in the action.

In August 2012, the trial court issued a notice to plaintiff that the court would dismiss his action under UTCR 7.020(3) for want of prosecution unless he took appropriate steps to prosecute the action. As relevant, UTCR 7.020(3) provides that,

"[i]f proof of service has been filed and any defendant has not appeared by the 91st day from the filing of the complaint, the case shall be deemed not at issue and written notice shall be given to the plaintiff that the case will be dismissed against each nonappearing defendant for want of prosecution 28 days from the date of mailing of the notice unless one of the following occurs:

"(a) An order of default has been filed and entry of judgment has been applied for."

Plaintiff then timely filed a combined motion for an order of default and a judgment by default, with supporting documents. However, plaintiff did not include a proposed order of default. The court did not act on the motion, apparently because there was no order for the judge to sign or supporting documents.[1] Thereafter, on October 31, 2012, the court entered a general judgment of dismissal for failure to prosecute the action under UTCR 7.020(3).

On appeal, plaintiff argues that the trial court erred, because he "clearly had filed a Motion for Default [under] ORCP 69 with an affidavit under oath * * * and supporting documents in Exhibits pages 1 to 135[.]" Plaintiff further contends that, "[w]hen a trial court purports to act under the UTCRs, it must follow them," citing *Francke v. Gable*, 121 Or App 17, 20, 853 P2d 1366 (1993). Plaintiff also argues that the default "should have been granted as a simple matter and course of law" based on "the uncontested merits, exhibits, complaint, and ORCP 45 Admissions."

Plaintiff is correct that the trial court erred. The record reflects that plaintiff submitted supporting documents for his motion. And, although plaintiff did not submit a proposed order with his motion for default and supporting documentation, no such proposed order was required.

We look first to the civil procedure rule governing default orders and judgments, ORCP 69. Under ORCP 69 A(1),

> "[w]hen a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court and has failed to appear by filing a motion or answer, or otherwise to defend as provided in these rules or applicable statute, the party seeking affirmative relief may apply for an order of default and a judgment by default *by filing motions and affidavits or declarations in compliance with this rule.*"

(Emphasis added.) Nowhere in that provision is there a requirement for the moving party to submit a proposed order

---

[1] There is no order denying plaintiff's motion in the record, but the OJIN entry for that motion says "*No order for judge to sign or supporting documents*." (Capitalization omitted.)

when seeking a default order. Rather, pursuant to ORCP 69 A(1), a motion for a default order must include supporting affidavits or declarations as described in ORCP 69 C. Under ORCP 69 C(1),

> "[t]he party seeking default must file a motion for order of default. That motion must be accompanied by an affidavit or declaration to support that default is appropriate and contain facts sufficient to establish the following:
>
> "C(1)(a)   that the party to be defaulted has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court;
>
> "C(1)(b)   that the party against whom the order of default is sought has failed to appear by filing a motion or answer, or otherwise to defend as provided by these rules or applicable statute;
>
> "C(1)(c)   whether written notice of intent to appear has been received by the movant and, if so, whether written notice of intent to apply for an order of default was filed and served at least 10 days, or any shortened period of time ordered by the court, prior to filing the motion;
>
> "C(1)(d)   whether, to the best knowledge and belief of the party seeking an order of default, the party against whom judgment is sought is or is not incapacitated as defined in ORS 125.005, a minor, a protected person as defined in ORS 125.005, or a respondent as defined in ORS 125.005; and
>
> "C(1)(e)   whether the party against whom the order is sought is or is not a person in the military service, or stating that the movant is unable to determine whether or not the party against whom the order is sought is in the military service * * *."

Thus, ORCP 69 C also does not require submission of a proposed order of default. In sum, plaintiff was not required to submit a proposed order with the motion under the terms of ORCP 69.

The trial court did not cite, and we have not found, any other court rule or statute as authority for the trial court's *sua sponte* decision to reject plaintiff's motion based on his failure to include a proposed order with his motion. No Uniform Trial Court Rule (UTCR) requires that a party

submit a proposed order with a motion for default order. Under UTCR 5.020(1), regarding support for motions, a party filing a motion is only required to "include a memorandum of law or a statement of points and authorities, explaining how any relevant authorities support the contentions of the moving party." And, no supplemental local rule for the Washington County Circuit Court requires that a party filing a motion for a default order also provide the court at the same time with a proposed order.

Finally, plaintiff did not violate any court order that may have subjected him to a sanction such as denial or dismissal of his motion. The court neither requested that plaintiff submit a proposed order nor issued an order that he do so before rejecting his motion for default order.

The trial court's ultimate judgment dismissing plaintiff's action for failure to prosecute the action under UTCR 7.020(3) was predicated on the court's erroneous rejection of plaintiff's motion for default. We therefore reverse and remand for further proceedings.

Reversed and remanded.